# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWEE SIENKOWSKI<br>106 Cascades Court<br>Blue Bell, PA  19422 | : CIVIL ACTION<br>:<br>:<br>: |
| vs | :<br>: **14   1851** |
| QUEST DIAGNOSTICS, INC.<br>1290 Wall Street West<br>Lyndhurst, NJ  07071-3603 | :<br>: NO.<br>: |
| and | :<br>: |
| QUEST DIAGNOSTICS, INC.<br>32 Giralda Farms<br>Madison, NJ  07940 | :<br>:<br>: |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### GENERAL ALLEGATIONS

1.  Plaintiff, Swee Sienkowski, is a citizen and resident of the Commonwealth of Pennsylvania, with her residence at 106 Cascades Court, Blue Bell, Pennsylvania, 19422.

2.  Defendant, Quest Diagnostics, Inc. is a corporation organized under the laws of the State of New Jersey and engages in the business of providing clinical laboratory services to the public.

3.  Jurisdiction is proper in this District due to diversity of citizenship under 28 U.S.C. §1332 in that plaintiff, **Swee Sienkowski**, is a citizen of the Commonwealth of Pennsylvania and the defendants are citizens of other jurisdictions.

### FACTUAL ALLEGATIONS

4.  On or about October 17, 2012, plaintiff presented to defendant facility for her annual blood workup.

5. Agents, servants, nursing staff and other attending personnel nursing staff while under the supervision and control of the corporate defendant or employees of Quest Diagnostics, Inc. performed venipuncture in an attempt to withdraw blood for blood testing.

6. During the venipuncture, defendants, by and through their agents, servants, nursing staff and other attending personnel nursing staff lacerated a blood vessel resulting in an internal bleeding.

7. As a result of the negligence of defendants in performing the venipuncture, plaintiff developed compartment syndrome.

8. Plaintiff required subsequent hospitalization as a result of the condition which developed requiring plaintiff to undergo a right upper arm fasciotomy.

9. As a further result of the negligence of defendants as hereinafter set forth, plaintiff's right arm is permanently damaged.

## COUNT I
## PLAINTIFF VS. DEFENDANT, GARY GORDON, DPM
## NEGLIGENCE

10. Plaintiff hereby incorporates by reference all of the allegations set forth in Paragraphs 1 through 9 of this Complaint as if same were fully set forth herein at length.

11. As a health care provider licensed to provide medical testing in the Commonwealth of Pennsylvania defendant, Quest Diagnostics, Inc., owed to plaintiff a duty to exercise due care and skill in the care and treatment of plaintiff's condition.

12. Defendant, Quest Diagnostics, Inc., failed or refused to act with reasonable care in the following manner:

(a) violating their duty to provide adequate patient care, including but not limited to testing and treatment of plaintiff.

(b) failing to properly, fully and adequately treat plaintiff for his condition;

(c) failing to properly examine plaintiff's arm following venipuncture;

(d) failing to properly and carefully perform venipuncture on the plaintiff;

(e) failing to use the required amount of skill in the performance and administration of said venipuncture;

(f) failing to properly advise and warn plaintiff of the condition or conditions which plaintiff might develop and did develop including the possibility of a lacerated blood vessel and subsequent compartment syndrome;

(g) failing to properly advise and warn plaintiff of the condition or conditions which plaintiff might develop and did develop including permanent use of her right arm which defendants knew or should have known would or might have taken place;

(h) failing to exercise the proper skill, diligence, due care and caution under all of the circumstances;

(i) subjecting plaintiff to a substantially increased risk of harm.

13. As a result of the defendants' negligence and carelessness as aforesaid suffered severe physical pain and mental anguish and has suffered compartment syndrome resulting in serious and permanent injuries to plaintiff's right arm and hand.

14. Defendant's negligence has subjected plaintiff to a substantial increased risk of harm as well as other serious and permanent injuries,

15. Plaintiff makes claim herein for such injuries, damages and consequences of which she has no present knowledge,

16. By reason of the injuries sustained, plaintiff has been and may in the future continue to be required to expend various sums of money for medicine and medical treatment in and

about endeavoring to treat and cure herself of her injuries.

17. By reason of the injuries sustained, plaintiff has and may continue to suffer great pain and agony, mental anguish and humiliation and has been and may in the future be hindered from attending to her daily duties, functions and occupation, all to her great damage and loss.

WHEREFORE, plaintiff, Swee Sienkowski, demands judgment against the defendants, in a sum in excess of Seventy-five Thousand ($75,000.00) Dollars.

## COUNT II
## SWEE SIENKOWSKI VS. QUEST DIAGNOSTICS, INC.

18. Plaintiff hereby incorporates by reference all of the allegations set forth in Paragraphs 1 through 17 of this Complaint as if same were fully set forth herein at length.

19. Defendant, Quest Diagnostics, Inc., provided care and treatment to plaintiff as agents, servants, nursing staff and other attending personnel nursing staff were under the supervision and control of the corporate defendant or employees of Quest Diagnostic, Inc.

20. The aforementioned physicians, nursing staff and other attending personnel nursing staff were under the supervision and control of the corporate defendant and were required to adhere to the policies, procedures and regulations promulgated by said defendant.

21. At all times relevant hereto, defendant, Quest Diagnostics, Inc., nursing staff and other attending personnel were acting in the scope of their employment as agents, servants, or employees of defendant, Quest Diagnostics, Inc. and said defendant had a duty to oversee all persons who practiced medicine within its facility as to patient care;

22. Defendants, Quest Diagnostics, Inc., is vicariously liable for the acts, commissions, or omissions of defendant, Quest Diagnostic, Inc. and its employees, staff and other attending personnel as fully as though the aforementioned physician performed the acts or omissions

themselves. In the alternative, defendants are responsible for the negligent acts or omissions of other physicians who are agents, employees, or servants of defendant, Quest Diagnostics, Inc.

23. Defendant, Quest Diagnostics, Inc., had actual or constructive knowledge of the defect of procedures which led to plaintiff's injuries.

24. Defendants, Quest Diagnostics, Inc., is liable to the acts as aforesaid as a matter of corporate liability.

25. As a direct and proximate result of the conduct of said defendant as previously set forth, plaintiff suffered severe physical pain and mental anguish and has suffered compartment syndrome, as well as other serious and permanent injuries.

26. As a further direct and proximate result of the conduct of said defendant as previously set forth, plaintiff endured great physical pain and mental anguish, discomfort, distress and pain and suffering.

27. As a further direct and proximate result of the conduct of said defendant as previously set forth, plaintiff required medical treatment and care and incurred medical expenses therefor.

28. As a further direct and proximate result of the conduct of said defendant as previously set forth, plaintiff has been subjected to a substantial increased risk of harm as well as other serious and permanent injuries,

29. Plaintiff makes claim herein for such injuries, damages and consequences of which he has no present knowledge,

WHEREFORE, plaintiff, Swee Sienkowski, demands judgment against the defendants, in a sum in excess of Seventy-five Thousand ($75,000.00) Dollars.

JAMES R. RADMORE, ESQUIRE
Attorney for plaintiff

## CERTIFICATION

JAMES R. RADMORE, ESQUIRE, certifies that there are no other actions or arbitrations pending or contemplated involving the subject matter of this controversy at this time, and there are no additional known parties who should be joined to this present action at this time. I certify the foregoing to be true. I am aware that if the above is willfully false, I am subject to punishment.

_____
JAMES R. RADMORE, ESQUIRE
Attorney for Plaintiff

JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

**14    1851**

| I. (a) PLAINTIFFS | DEFENDANTS |
|---|---|
| Swee Sienkowski | Quest Diagnositcs, Inc. and Quest Diagnostics, Inc. |
| **(b)** County of Residence of First Listed Plaintiff  Montgomery<br>*(EXCEPT IN U.S. PLAINTIFF CASES)* | County of Residence of First Listed Defendant  Bergen<br>*(IN U.S. PLAINTIFF CASES ONLY)*<br>NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED. |
| **(c)** Attorneys *(Firm Name, Address, and Telephone Number)*<br>James R. Radmore, Esquire<br>Law Office of James R. Radmore, P.C.<br>Two Penn Center, Suite 520, Philadelphia, PA  19102   215 568 9900 | Attorneys *(If Known)* |

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☐ 2  U.S. Government Defendant
- ☐ 3  Federal Question *(U.S. Government Not a Party)*
- ☒ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance<br>☐ 120 Marine<br>☐ 130 Miller Act<br>☐ 140 Negotiable Instrument<br>☐ 150 Recovery of Overpayment & Enforcement of Judgment<br>☐ 151 Medicare Act<br>☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans)<br>☐ 153 Recovery of Overpayment of Veteran's Benefits<br>☐ 160 Stockholders' Suits<br>☐ 190 Other Contract<br>☐ 195 Contract Product Liability<br>☐ 196 Franchise | **PERSONAL INJURY**<br>☐ 310 Airplane<br>☐ 315 Airplane Product Liability<br>☐ 320 Assault, Libel & Slander<br>☐ 330 Federal Employers' Liability<br>☐ 340 Marine<br>☐ 345 Marine Product Liability<br>☐ 350 Motor Vehicle<br>☐ 355 Motor Vehicle Product Liability<br>☒ 360 Other Personal Injury<br>☒ 362 Personal Injury - Medical Malpractice | **PERSONAL INJURY**<br>☐ 365 Personal Injury - Product Liability<br>☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability<br>☐ 368 Asbestos Personal Injury Product Liability<br>**PERSONAL PROPERTY**<br>☐ 370 Other Fraud<br>☐ 371 Truth in Lending<br>☐ 380 Other Personal Property Damage<br>☐ 385 Property Damage Product Liability | ☐ 625 Drug Related Seizure of Property 21 USC 881<br>☐ 690 Other<br><br>**LABOR**<br>☐ 710 Fair Labor Standards Act<br>☐ 720 Labor/Management Relations<br>☐ 740 Railway Labor Act<br>☐ 751 Family and Medical Leave Act<br>☐ 790 Other Labor Litigation<br>☐ 791 Employee Retirement Income Security Act | ☐ 422 Appeal 28 USC 158<br>☐ 423 Withdrawal 28 USC 157<br><br>**PROPERTY RIGHTS**<br>☐ 820 Copyrights<br>☐ 830 Patent<br>☐ 840 Trademark<br><br>**SOCIAL SECURITY**<br>☐ 861 HIA (1395ff)<br>☐ 862 Black Lung (923)<br>☐ 863 DIWC/DIWW (405(g))<br>☐ 864 SSID Title XVI<br>☐ 865 RSI (405(g))<br><br>**FEDERAL TAX SUITS**<br>☐ 870 Taxes (U.S. Plaintiff or Defendant)<br>☐ 871 IRS—Third Party 26 USC 7609 | ☐ 375 False Claims Act<br>☐ 400 State Reapportionment<br>☐ 410 Antitrust<br>☐ 430 Banks and Banking<br>☐ 450 Commerce<br>☐ 460 Deportation<br>☐ 470 Racketeer Influenced and Corrupt Organizations<br>☐ 480 Consumer Credit<br>☐ 490 Cable/Sat TV<br>☐ 850 Securities/Commodities/ Exchange<br>☐ 890 Other Statutory Actions<br>☐ 891 Agricultural Acts<br>☐ 893 Environmental Matters<br>☐ 895 Freedom of Information Act<br>☐ 896 Arbitration<br>☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision<br>☐ 950 Constitutionality of State Statutes |
| **REAL PROPERTY**<br>☐ 210 Land Condemnation<br>☐ 220 Foreclosure<br>☐ 230 Rent Lease & Ejectment<br>☐ 240 Torts to Land<br>☐ 245 Tort Product Liability<br>☐ 290 All Other Real Property | **CIVIL RIGHTS**<br>☐ 440 Other Civil Rights<br>☐ 441 Voting<br>☐ 442 Employment<br>☐ 443 Housing/ Accommodations<br>☐ 445 Amer. w/Disabilities - Employment<br>☐ 446 Amer. w/Disabilities - Other<br>☐ 448 Education | **PRISONER PETITIONS**<br>**Habeas Corpus:**<br>☐ 463 Alien Detainee<br>☐ 510 Motions to Vacate Sentence<br>☐ 530 General<br>☐ 535 Death Penalty<br>**Other:**<br>☐ 540 Mandamus & Other<br>☐ 550 Civil Rights<br>☐ 555 Prison Condition<br>☐ 560 Civil Detainee - Conditions of Confinement | **IMMIGRATION**<br>☐ 462 Naturalization Application<br>☐ 465 Other Immigration Actions | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Diversity of Citizenship

Brief description of cause:
Medical Malpractice

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** IN EXCESS OF $75,000
**CHECK YES only if demanded in complaint:**
**JURY DEMAND:** ☒ Yes  ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____   DOCKET NUMBER _____

MAR 27 2014

| DATE | SIGNATURE OF ATTORNEY OF RECORD |
|---|---|
| 03/27/2014 | /s/James R. Radmore |

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

## CASE MANAGEMENT TRACK DESIGNATION FORM

| | | |
|---|---|---|
| SWEE SIENKOWSKI | : | CIVIL ACTION |
| v. | : | **14    1851** |
| QUEST DIAGNOSTICS, INC., etal | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    (✓)

(f) Standard Management – Cases that do not fall into any one of the other tracks.    ( )

MAR 27 2014

| | | |
|---|---|---|
| March 27, 2014 | \s\James R. Radmore | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| | | |
| 215 568 9900 | 215 568 4546 | jrr@radmore.net;msh@radmore.net |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

MAR 27 2014

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 106 Cascades Court, Blue Bell, PA  19422

Address of Defendant: 1290 Wall Street West, Lyndhurst, NJ  07071

Place of Accident, Incident or Transaction: 1050 S. Broad Street, Lansdale, PA  19446
(*Use Reverse Side For Additional Space*)

14  1851

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))      Yes ☐   No ■

Does this case involve multidistrict litigation possibilities?      Yes ☐   No ■

RELATED CASE, IF ANY:
Case Number: _____  Judge: _____  Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?
      Yes ☐   No ■

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?
      Yes ☐   No ■

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?
      Yes ☐   No ■

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?
      Yes ☐   No ■

---

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A.  *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
    (Please specify) _____

B.  *Diversity Jurisdiction Cases*:
1. ☐ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ✔ Other Personal Injury - Medical Malpractice
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
    (Please specify) _____

---

## ARBITRATION CERTIFICATION
(*Check Appropriate Category*)

I, James R. Radmore, _____, counsel of record do hereby certify:

✔ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;

☐ Relief other than monetary damages is sought.

DATE: March 27, 2014      \s\James R. Radmore      36649
                          Attorney-at-Law          Attorney I.D.#      MAR 27 2014

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

---

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: DATE: March 27, 2014      \s\James R. Radmore      36649
                                Attorney-at-Law          Attorney I.D.#

ER

IN THE UNITED STATTES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| SWEE SIENKOWSKI | : CIVIL ACTION |
| vs | : |
| | : 14   1851 |
| QUEST DIAGNOSTICS, INC. | : |
| and QUEST DIAGNOSTICS, INC. | : No. |

## DISCLOSURE STATEMENT FORM

Please check one box:

■ The nongovernmental corporate party, Swee Sienkowski, in the above listed civil action does not have any parent corporation and publicly held corporation that owns 10% or more of its stock.

☐ The nongovernmental corporate party, _____, in the above listed civil action has the following parent corporation(s) and publicly held corporation(s) that owns 10% or more of its stock:

| | |
|---|---|
| _March 27, 2014_ | \s\James R. Radmore |
| Date | Signature |
| | Counsel for: Plaintiff, Swee Sienkowski |

**Federal Rule of Civil Procedure 7.1 Disclosure Statement**

(a) WHO MUST FILE; CONTENTS. A nongovernmental corporate party must file two copies of a disclosure statement that:
    (1) identifies any parent corporation and any publicly held corporation owning10% or more of its stock; or
    (2) states that there is no such corporation.

(b) TIME TO FILE; SUPPLEMENTAL FILING. A party must:
    (1) file the disclosure statement with its first appearance, pleading, petition, motion, response, or other request addressed to the court; and
    (2) promptly file a supplemental statement if any required information changes.